48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Rudolph L. LUCIEN, Plaintiff-Appellant,
v.
Richard D. IRVIN and Joyce Elston, Defendants-Appellees.
 No. 93-2161.
 
 Seventh Circuit.
 Submitted March 6, 1995.*
Decided March 9, 1995.
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Rudolph Lucien brings this civil rights action pursuant to 42 U.S.C. Sec. 1983 alleging that officials at Pontiac Correctional Center violated his constitutional right to access to the courts by punishing him for suing the prison. The district court granted summary judgment for the defendants because Lucien failed to bring forth facts supporting his allegation of retaliation. On appeal, Lucien argues the district court erred as a matter of law.
 
 
 2
 We review the district court's grant of summary judgment de novo and will affirm if, drawing all reasonable inferences in favor of the respondent, it appears from the record that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Williams v. Anderson, 959 F.2d 1411, 1413 (7th Cir.1992). When a motion for summary judgment is made, the adverse party cannot rest upon the allegations or denials in the pleadings but must set forth specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).
 
 
 3
 "[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." Howland v. Kilquist, 833 F.2d 639, 644 (7th Cir.1987) (quoting Buise v. Hudkins, 584 F.2d 223, 229 (7th Cir.1978), cert. denied, 440 U.S. 916 (1979)). A prisoner has a fundamental constitutional right to access to the courts, and may maintain an action for damages against any prison official who retaliates against him for exercising his right to judicial relief. Matzker v. Herr, 748 F.2d 1142, 1151 (7th Cir.1984) (citing Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977)). To make out a prima facie case of retaliation, the prisoner must (1) allege a chronology of events from which retaliation can be inferred, Cain v. Lane, 857 F.2d 1139, 1143, n. 6 (7th Cir.1988); Benson v. Cady, 761 F.2d 335, 342 (1985), and (2) show that retaliation was a motivating factor behind the defendant's conduct. Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 285-87, 97 S.Ct. 568, 575-76 (1977).
 
 
 4
 On April 9, 1990, Richard Irvin, an Internal Affairs Investigator for Pontiac Correctional Center, investigated the prison drug possession charge against Lucien and forwarded the Report of Investigation to Joyce Elston for referral to the county prosecutor. Elston then recommended to the prosecutor that criminal charges be filed. Lucien alleges that in most cases with similar circumstances, disciplinary reports were not forwarded to the county prosecutor and that here, Lucien was treated differently in retaliation for his suit against the prison alleging that the prison tolerated gang activities. Lucien also suggests that the marijuana was planted on him. In support of his claim, Lucien filed an affidavit stating that (1) Irvin told Lucien that Irvin was aware of Lucien's involvement in the suit against the prison, (2) Lucien was aware of four circumstances in which prisoners were caught possessing drugs and the prison did not recommend criminal charges be brought against them, and (3) the defendants admitted that not all disciplinary reports were forwarded to the county prosecutor with a recommendation that criminal charges be filed.
 
 
 5
 However, Lucien presents no evidence that the recommendation of criminal charges against him was in retaliation for his other legal activities or that inmates are normally disciplined internally for contraband violations. See id. (plaintiff must show retaliation a motivating factor). The defendants state that criminal charges are recommended whenever the facts warrant. Merely because they do not refer every possible violation to the county prosecutor's office does not raise a triable inference that the decision in Lucien's case was retaliatory in nature. The judgment of the district court is therefore
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record